UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| FENF, LLC, | ) |
|     Plaintiff, | ) Civil Action No.: _____ |
| vs. | ) |
| VIRGINIA A. RITACCO d/b/a RITYLAND, INC., | ) **JURY TRIAL DEMANDED** |
|     Defendant. | ) |

# COMPLAINT

Plaintiff FenF, LLC ("FenF"), by its undersigned attorneys, alleges the following for its Complaint against Defendant Virginia A. Ritacco d/b/a Rityland Inc. ("Defendant"):

## Parties

1. FenF is a limited liability company organized and existing under the laws of Michigan and having a place of business located at 8155 Huron River Drive, Dexter, Michigan 48130.

2. On information and belief, Virginia A. Ritacco is an individual residing in Florida.

- 1 -

3. On information and belief, Virginia A. Ritacco is doing business under the alias Rityland Inc, and is conducting such business at 7801 NW 37th St. Suite LP-104, Miami Fl. 33166.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121, because this action arises under the patent laws of the United States, Title 35 of the United States Code, and the federal unfair competition laws of the United States, Title 15 Chapter 22 of the United States Code.

5. This Court has personal jurisdiction over Defendant because Defendant has conducted and continues to conduct business in this judicial district and, upon information and belief, have engaged in activities related to FenF's claims of patent infringement and federal unfair competition that establish minimum contacts with the state of Michigan, including having committed acts of patent infringement and federal unfair competition in this judicial district, and the exercise of personal jurisdiction over Defendant is reasonable and fair.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and § 1400(b).

## Common Allegations

7. FenF sells a foot-therapy product under the name "YogaToes® GEMS" that is designed to treat various foot and toe ailments including hammertoes, flat feet, bunions, poor circulation, plantar fasciitis, and crossed toes.

8. FenF sells its "YogaToes® GEMS" foot-therapy product on-line through its website (www.yogapro.com) as well as through other on-line retailers such as amazon.com and ebay.com.

9. The YogaToes® GEMS product sold by FenF includes upstanding posts made of an elastic material. Each of the upstanding posts has a faceted gemstone handle at a free end thereof. A representative photograph of the YogaToes® GEMS product is attached to this Complaint as Exhibit A.

10. FenF has acquired value, name and brand recognition, and goodwill in the use of faceted gemstone handles in connection with the YogaToes® GEMS product as a result of continual and substantial advertising, promotion, and interstate commercial activity.

11. FenF is the owner by assignment of United States Patent No. 8,002,675 ("the '675 patent"), entitled "Foot-Therapy and Toe Aligning Device," which was issued to Frederic Ferri on August 23, 2011, and has the right to bring a cause of action for infringement of that patent. A true and correct copy of the '675 patent is attached to this Complaint as Exhibit B.

12. FenF is the owner by assignment of United States Patent No. 9,138,616 ("the '616 patent"), entitled "Foot-Therapy and Toe Aligning Device," which was issued to Frederic Ferri on September 22, 2015, and has the right to bring a cause of action for infringement of that patent. A true and correct copy of the '616 patent is attached to this Complaint as Exhibit C.

13. Defendant offers to sell and has sold through on-line retailers such as amazon.com - a foot-therapy product in the United States that includes upstanding elastic posts, each of which includes a faceted gemstone handle at a free end thereof that are configured on the foot-therapy product to separate a user's toes ("Accused Product"). Photographs of the Accused Product are attached to this Complaint as Exhibit D.

14. Defendant offer to sell and have sold the Accused Product through on-line retailers such as amazon.com using the alias Rityland Inc.

15. On information and belief, Defendant ships the Accused Product to purchasers directly from Defendant's Miami Florida address.

16. On information and belief, Defendant also supplies the Accused Product to Amazon's fulfillment centers, where the Accused Product is stored, and, upon a completed purchase of the Accused Product through amazon.com, the sale of the Accused Product is fulfilled through Amazon's Fulfillment by Amazon (FBA) program, which includes shipping the Accused Product to the purchaser.

17. On information and belief, after observing the commercial success that FenF's YogaToes® GEMS product has enjoyed, Defendant began offering to sell and selling the Accused Product, which is a copy of the configuration of FenF's YogaToes® GEMS product.

18. Defendant's Accused Product competes directly with FenF's YogaToes® GEMS product for sales in the same relevant market to the same customer base.

19. FenF has been marking its YogaToes® GEMS product with the '675 patent since at least 2014.

## Count I - Patent Infringement
### (Infringement of the '675 Patent)

20. FenF repeats and realleges the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Defendant has directly infringed, and is continuing to directly infringe, one or more claims of the '675 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling the Accused Product, and will continue to infringe unless enjoined by this Court.

22. Defendant directly infringes at least independent claim 1 of the '675 patent.

23. Defendant's infringement of the '675 patent has been, and continues to be, willful, deliberate, and objectively reckless.

24. Defendant's infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

## Count II - Patent Infringement
### (Infringement of the '616 Patent)

25. FenF repeats and realleges the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Defendant has directly infringed, and is continuing to directly infringe, one or more claims of the '616 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling the Accused Product, and will continue to infringe unless enjoined by this Court.

27. Defendant directly infringes at least independent claim 1 of the '616 patent.

28. Defendant's infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

## Count III - Federal Unfair Competition
## (Trade Dress Infringement of Gemstone Handles)

29.    FenF repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.    The faceted gemstone handles of FenF's YogaToes® GEMS product are non-functional and have acquired secondary meaning through long and sustained use in interstate commerce and through substantial advertising, promotion, and sales of FenF's YogaToes® GEMS product, thus rendering them protected by trade dress rights.

31.    Defendant has used, and is continuing to use, in interstate commerce and without authorization from FenF, faceted gemstone handles as part of the Accused Product.

32.    Defendant's use of faceted gemstone handles as part of the Accused Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant's Accused Product or as to Defendant's affiliation, connection, approval, sponsorship, or association with FenF.

33.    Defendant's actions constitute false designation of origin and false representation in connection with the sale, distribution, and related interstate commercial activity of the Accused Product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

34. Defendant's unfair competition in connection with the use of faceted gemstone handles as part of the Accused Product in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's trade dress rights.

35. Defendant was actively aware of FenF and its trade dress rights related to faceted gemstone handles when Defendant began selling the Accused Product, yet proceeded anyway to use faceted gemstone handles as part of the Accused, and are continuing to do so, thus rendering Defendant's engagement in unfair competition willful and deliberate.

## **RELIEF REQUESTED**

WHEREFORE, FenF respectfully requests that this Court enter a judgment that:

A. Finds Defendant has directly infringed, and is directly infringing, one or more claims of the '675 and '616 patents in violation of 35 U.S.C. § 271;

B. Finds Defendant's infringement has been willful and deliberate with respect to the '675 patent;

C. Awards to FenF damages adequate to compensate for Defendant's infringement of the '675 and '616 patents, together with interest and costs fixed by this Court, pursuant 35 U.S.C. § 284;

D. Awards to FenF up to three times the amount found or assessed as damages pursuant to 35 U.S.C. § 284.

E. Finds this case to be exceptional and awards to FenF its reasonable attorney fees pursuant 35 U.S.C. § 285;

F. Orders Defendant and their officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be permanently enjoined from infringing the '675 and '616 patents pursuant 35 U.S.C. § 283;

G. Finds Defendant's use of faceted gemstone handles in connection with the Accused Product infringes FenF's trade dress rights and, therefore, constitutes federal unfair competition for false designation of origin and false representation in violation of 15 U.S.C. § 1125;

H. Orders Defendant and their officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be permanently enjoined from engaging in federal unfair competition for false designation of origin and false representation in connection with FenF's trade dress rights in faceted gemstone handles;

I. Awards to FenF profits gained by Defendant as a result of Defendant's federal unfair competition, increased to an amount this Court deems just, pursuant to 15 U.S.C. § 1117;

J.	Awards to FenF actual damages sustained as a result of Defendant's federal unfair competition, increased by up to three times, pursuant 15 U.S.C. § 1117;

K.	Awards to FenF costs and any additional damages to which FenF is entitled as a result of Defendant's federal unfair competition;

L.	Declares this case exceptional and awards to FenF its reasonable attorney fees pursuant 15 U.S.C. § 1117; and

M.	Awards to FenF costs, pre-judgment and post-judgment interest at the maximum allowable rate, fees, and other such further relief as the Court deems just and proper.

Respectfully submitted,

Dated:   March 25, 2016

By: */s/Richard W. Hoffmann*
Richard W. Hoffmann (P42352)
REISING ETHINGTON P.C.
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
(248) 689-3500
hoffmann@reising.com

*Attorneys for Plaintiff FenF, LLC*

## JURY TRIAL DEMANDED

FenF demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:   March 25, 2016

By: */s/Richard W. Hoffmann*
Richard W. Hoffmann (P42352)
REISING ETHINGTON P.C.
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
(248) 689-3500
hoffmann@reising.com

*Attorneys for Plaintiff FenF, LLC*