UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FENF, LLC,

    Plaintiff,                                CIVIL ACTION NO. 16-cv-11097

    v.                                     DISTRICT JUDGE ARTHUR J. TARNOW

VIRGINIA A. RITACCO d/b/a       MAGISTRATE JUDGE MONA K. MAJZOUB
RITYLAND, INC.,

    Defendant.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR SUBSTITUTE SERVICE [6]

This matter is before the Court on Plaintiff FenF, LLC's Motion for Substitute Service. (Docket no. 6.) Plaintiff has also filed a Declaration in support of the Motion. (Docket no. 7.) The Motion was referred to the undersigned for determination. (Docket no. 8.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.    BACKGROUND

Plaintiff holds two patents for a foot therapy product known as "YogaToes GEMS," which Plaintiff sells through its own website and other online retailers. (Docket no. 1 ¶¶ 8, 11-12.) Users put their toes between four elastic posts that are topped by a "faceted gemstone handle." (*Id.* ¶ 9.) According to Plaintiff, after observing the success of YogaToes GEMS, Defendant began selling an identical version of the product through Amazon.com ("Amazon") under the business name Rityland, Inc. (*Id.* ¶ 17.) Plaintiff filed suit against Defendant on

March 25, 2016, alleging patent infringement and infringement of Plaintiff's trade dress rights. (Docket no. 1.)

The Motion (docket no. 6) and Declaration (docket no. 7) detail Plaintiff's efforts to serve Defendant with the Summons and Complaint. Plaintiff began by contacting Amazon. A representative of Amazon refused to provide a physical address, but informed Plaintiff that the person operating Rityland, Inc. is named Virginia Ritacco, and that her email address is vritacco@gmail.com. (Docket no. 7-4.) Plaintiff searched public records for "Virginia Ritacco" and "vritacco@gmail.com," and discovered that a person named Virginia Ritacco is the managing member of Green Communications LLC ("Green Communications"), which is based in Florida and is not a party to this lawsuit. (Docket no. 7 ¶¶ 7-8.) Plaintiff searched the Florida Secretary of State's records for addresses associated with Green Communications. The articles of organization list both the mailing address and physical address as: 7801 NW 37th Street, Suite LP-104, Miami, FL 33166. (Docket no. 7-5.) Virginia Ritacco is listed as a managing member at the same address. (*Id.*)

Plaintiff then located the 2015 Annual Report for Green Communications. (Docket no. 7-6.) In that document, both the mailing address and physical address for the business are listed as: 12525 Orange Drive, Suite 612, Davie, FL 33330. The registered agent is identified as Gustavo A. Viera, located at 15715 S. Dixie Highway 409, Miami FL 33157. Virginia Ritacco is still listed as a managing member at the 7801 NW 37th Street address. (*Id.*)

Plaintiff hired process servers who attempted to serve Defendant personally at the 7801 NW 37th Street address and the 12525 Orange Drive address. (Docket no. 6 at 8.) The 7801 NW 37th Street location was occupied by a business called Ibelsoft; an employee on site informed the process server that no one by the name of Virginia Ritacco worked there. (Docket

2

no. 7-7.) The 12525 Orange Drive address turned out to be a mailing address only; an employee at the leasing office informed the process server that Green Communications was a virtual client and did not have a physical presence there. (Docket no. 7-8.) Plaintiff apparently did not attempt to serve Defendant at the 15715 S. Dixie Highway address.

Asserting that it has "now exhausted its ability to physically locate Virginia Ritacco" (docket no. 6 at 8), Plaintiff seeks an order from this Court allowing service of the Summons and Complaint on Defendant by email to vritacco@gmail.com and/or on the registered agent of Green Communications.[1] (Docket no. 6 at 12.)

## II.     GOVERNING LAW

Federal Rule of Civil Procedure 4(e)(1) provides that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Michigan Court Rule 2.105 covers service of process, and, for individuals, generally provides for personal service or service by registered or certified mail. *See* M.C.R. 2.105(A). Michigan Court Rule 2.105(I), however, provides:

> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

---

[1] Plaintiff's request for relief actually states:

> FenF requests substitute service of its complaint to Virginia A. Ritacco d/b/a Rityland, Inc., specifically service via e-mail, . . . as well as service on the *registered agent* of Green Communications LLC.
>
> Alternatively, or in addition, FenF requests to serve Virginia Ritacco through the *resident agent* of Green Communications LLC . . . .

(Docket no. 6 at 12 (emphasis added).) There is no *resident agent* identified on the Florida Secretary of State's records. (*See* Docket nos. 7-5 & 7-6.) The Court interprets Plaintiff's request as seeking substitute service by email, through the registered agent (which is identified on the Florida Secretary of State records), or both.

3

> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed.  A motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known.  If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it.  A hearing on the motion is not required unless the court so directs.
>
> (3) Service of process may not be made under this subrule before entry of the court's order permitting it.

As set forth in subpart (1), Plaintiff must show that the proposed alternative method of service meets the constitutional standards for due process.  *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").  The rule also requires Plaintiff to show that service by one of the methods listed in the rule could not be achieved despite Plaintiff's "diligent inquiry" into Defendant's address.  M.C.R. 2.105(I)(1), (2).

### III.  ANALYSIS

The Court finds that Plaintiff has failed to show that either of its proposed methods of substitute service are reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.  M.C.R. 2.105(I)(1).  The Court further finds that Plaintiff failed to make a "diligent inquiry" to determine Defendant's address, and therefore cannot show that service under M.C.R. 2.105(A) is impossible.  M.C.R. 2.105(I)(2).  For these reasons, the Court will deny the Motion.

#### 1.    Service by Email

The Court acknowledges that some federal courts, including the Eastern District of Michigan, have allowed service by email, particularly where the party to be served conducts its

business on the Internet. *See McCluskey v. Belford High School*, No. 2:09-14345, 2010 WL 2696599, at *3 (E.D. Mich. June 24, 2010) (citing cases). In these cases (including both cases cited by Plaintiff), however, the movant demonstrated that the email address in question was valid. In *McCluskey*, cited by Plaintiff, the movants provided "declarations from individuals confirming that they received emails" from the address. *Id.* The movants also used email tracking software to establish that emails sent to the address were received and opened by the defendants. *Id.* at *3-4 (court relied in part on Defendants' "actual communications" with the plaintiffs using the email address). Indeed, the court rejected the movants' request to use a second email address which had not been "sufficiently tested." *Id.* at *4.

In *Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-cv-14628, 2013 WL 592660, at *3 (E.D. Mich. Feb. 14, 2013), the other case Plaintiff cites in support of its position, the court relied on the fact that the defendant responded to an email sent by counsel for the plaintiff, and that other emails sent to the defendant were not returned as undeliverable. *See also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1013, 1018 (9th Cir. 2002) (finding service by email and other alternative means satisfied due process requirements where defendant undisputedly received notice of suit through its "international courier" and where a private investigator learned that defendant "preferred communication through its email address"); *Gaffigan v. Does 1-10*, 689 F. Supp. 2d 1332, 1342 (S.D. Fla. 2010) ("The undersigned finds that Plaintiffs . . . have provided sufficient notice to Defendants through the emails that did not bounce back. The undersigned finds that the emails that did not bounce back were presumptively sent to valid email addresses that reached Defendants."); *Chanel, Inc. v. Song Xu*, No. 2:09-cv-02610, 2010 WL 396357, at *2-4 (W.D. Tenn. Jan. 27, 2010) (service by email held to satisfy requirements of due process where investigator received a "'Return Receipt' for each of the emails, which demonstrated the

5

precise date and time of the receipt of each email"); *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562-63 (E.D. Tenn. 2004) (allowing service by email for international corporation where plaintiff showed that emails sent to address proposed for service did not "bounce back"); *Broadfoot v. Diaz* (*In re Int'l Telemedia Assocs., Inc.*), 245 B.R. 713, 718-21 (Bankr. N.D. Ga. 2000) (service by email and fax held to meet requirements of due process where defendant himself provided trustee with email address and fax number).

In this case, Amazon provided the email address to Plaintiff as contact information for Defendant, and Plaintiff apparently has never attempted to use the address to contact Defendant, nor has Plaintiff attempted to identify and contact any Rityland, Inc. customers who may have successfully communicated with Defendant using the address. In short, the email address has not been "sufficiently tested" to satisfy the requirements of Michigan Court Rule 2.105(I)(1) or due process. *See McCluskey v. Belford High School*, No. 2:09-14345, 2010 WL 2696599, at *4 (E.D. Mich. June 24, 2010).

### 2.    Service on the Registered Agent of Green Communications

Plaintiff has also failed to show that service on the registered agent for Green Communications is reasonably calculated to give Defendant actual notice of the proceedings. Green Communications is not a party to this lawsuit. There is no proof that the Virginia Ritacco listed as the managing member of Green Communications in the Florida Secretary of State's records is the same Virginia Ritacco identified by Amazon, nor is there any obvious connection between Green Communications and Rityland, Inc. The articles of organization list the purpose of Green Communications as "Business communication services as well as any and all lawful business" (s*ee* docket no. 7-5), with no mention of online retail activities.

### 3. Diligent Inquiry

A motion filed under Michigan Court Rule 2.105(I) must also "set forth sufficient facts to show that process cannot be served under this rule and . . . [i]f the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it." *See* M.C.R. 2.105(I)(2). Plaintiff's efforts to locate Defendant consist of emailing Amazon, searching public records for "Virginia Ritacco" and "vritacco@gmail.com," and sending process servers to two of the three addresses listed on the Florida Secretary of State's records for Green Communications. (Docket no. 6 at 7-8).

This is a close case, but the Court finds these efforts insufficient to meet the standard in M.C.R. 2.105(I). "'A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service.'" *J&J Sports Prods., Inc. v. LB Entm't, Inc.*, No. 14-cv-12236, 2014 WL 4987467, at *2 (E.D. Mich. Oct. 7, 2014) (quoting *Krueger v. Williams*, 300 N.W.2d 910, 919 (Mich. 1981)). Plaintiff does not specify what public records it searched, nor does it explain why it did not attempt to locate Defendant at the third address listed for Green Communications in the Florida Secretary of State's records. Finally, Plaintiff offers no explanation for its apparent failure to attempt to contact Defendant at the email address provided by Amazon. *See, e.g.*, *Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-cv-14628, 2013 WL 592660, at *1 (E.D. Mich. Feb. 14, 2013) (plaintiff requested waiver of service by email).

The Court acknowledges that Plaintiff has made some effort to locate Defendant, and that the online nature of Defendant's business may make it difficult to serve Plaintiff by the methods specifically listed in Michigan Court Rule 2.105, or Federal Rule of Civil Procedure 4. Nevertheless, the Court is not convinced that resort to service by an unverified email address and

7

on the registered agent of a non-party LLC (of which Defendant may not even be a member) is necessary on the record as presented in the Motion.

### III. CONCLUSION

The Court concludes that Plaintiff has failed to show that its proposed methods for substitute or alternate service are reasonably calculated to provide Defendant with actual notice of the proceedings and an opportunity to be heard. M.C.R. 2.105(I)(1). The Court further concludes that Plaintiff has failed to show that it made a "diligent inquiry" into Defendant's address to support a finding that Defendant cannot be served personally or through registered or certified mail. M.C.R. 2.105(I)(2). The Court will therefore deny Plaintiff's Motion for Substitute Service (docket no. 6) without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff FenF, LLC's Motion for Substitute Service [6] is **DENIED** without prejudice.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 22, 2016         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: September 22, 2016         s/ Lisa C. Bartlett
                                  Case Manager

8